## 282.   GEORGIA RAILWAY & ELECTRIC CO. *v.* HARRIS.

1. Where a plaintiff in a civil case supports his action solely by circumstantial evidence, before he is authorized to have a verdict in his favor the testimony must be such as to reasonably establish the theory relied upon, and to preponderate to that theory, rather than to any other reasonable hypothesis.

(*a*) While in such cases the sufficiency of the evidence is for the jury, yet before there is, in legal contemplation, any evidence for their consideration, the circumstances shown must in some appreciable degree tend to establish the conclusion claimed.

(*b*) A mere scintilla of inconclusive circumstances, giving no "scope for legitimate reasoning by the jury," does not carry the burden of proof.

2. The declarations or admissions of an agent, unless part of the res gestæ, do not bind the principal, and in a suit against the principal have no probative value. Conduct of an agent, from which it is sought to imply an admission, is within this rule.

3. Ordinarily it is a rule of circumstantial proof that the facts from which the main fact is to be inferred must be proved by direct evidence. An inference resting only upon an inference is not permissible.

Appeal, from Fulton superior court—Judge Pendleton. November 22, 1906.

Argued April 10,—Decided May 3, 1907.

*Rosser & Brandon, Walter T. Colquitt, Ben. J. Conyers,* for plaintiff in error. *Edgar Latham,* contra.

POWELL, J.   Harris brought suit against the street-railway company for damages on account of injuries alleged to have been inflicted by them upon his horse, and recovered a verdict.   He attempted to substantiate his case only by the following proof: At about eleven o'clock one morning the horse escaped from the plaintiff's lot; at about six or seven o'clock the next morning it was found standing under a tree, about thirty or forty feet away from the track of the defendant's "river line;" and the ground was pawed up, around where it was standing.   Its hip was broken, but there were no marks of external violence, no bruises on skin or flesh.   The city inspector came, condemned it, and caused it to be killed.   The plaintiff testified, that between the rails of the car line he saw one horse track pointing in the direction of the place where the horse was found; but between this track and the place where the horse was standing there were no other signs.   It had been raining very hard during the night.   The horse was found outside the city limits, near Bellwood avenue and Elliott street. The car line runs down Bellwood avenue.   The city inspector swore that the horse's leg was broken just below the hip joint; there were no exterior marks of violence or bruises of any kind on skin or flesh; the hair was not knocked off.   The horse was skinned and quartered, and its leg examined; the thigh-bone was broken about where the breeching usually strikes a horse.   The only other evidence for the plaintiff consisted of proof of two circumstances, which we shall presently show were not, under legal rules, entitled to any probative value.   (1) A witness living on Bellwood avenue detailed a set of circumstances from which it was reasonably inferable that, about six o'clock in the evening of the day before the horse was found, a street-car stopped at a point on Bellwood avenue near where the horse was found, which was not a regular stopping place for these cars, though he did not see the car stop.   (2) Another witness testified, that early in the morning of the day the horse was found, she saw a man in uniform coming from the direction where the horse was afterwards found; he got upon the front of a street-car which had stopped in the street, and, when he got aboard, the car went on.   The defendant produced all of its motormen who had run cars on the "river line" between the hours in question, and each of them testified that his car did not strike any horse and did not stop that night away from the regular stop-

ping places on Bellwood avenue. However, to make the point in the decision clearer, let it be conceded that this testimony, being in some respects contradicted, is to be given no weight in this court, and let our judgment rest on the plaintiff's proof as being the un-contradicted truth. There was evidence of value and ownership; and the case turns solely upon the question whether one of the de-fendant's street-cars struck the horse; for if it did, the statutory presumption of negligence supplied the other element precedent to liability.

1. The legal apothegm, "whether there be any evidence is a question for the judges, whether sufficient evidence is a question for the jury," is not of American origin, but is the sententious form in which Buller, J., announced the common-law rule in the court of King's Bench (Mansfield, Willes, and Ashurst presiding also), in the case of Company of Carpenters *v.* Hayward, 1 Doug. 375. The applicability of this rule to cases resting upon direct evidence presents no difficulty; but when the establishment of a cause of action or of a defense rests upon circumstantial evidence, the determination of what is "any evidence" is not always easy. In this class of cases, no less than in others, is the rule applicable; and the court must decide whether there is any evidence, the jury whether there is sufficient evidence. In cases of circumstantial evidence a mere inconclusive inference, or, as the English courts express it, a mere scintilla, is not to be regarded as any evidence, so as to require the submission of its sufficiency to the jury. This seems to be generally recognized, with only rare exceptions (such as the emphatic dissent of Bynum, J., in Wittkowsky *v.* Wasson, 71 N. C. 458), both in English and American decisions. Jewell *v.* Parr (C. B.), 76 E. C. L. R. 909; Toomey *v.* Railway Co. (C. B.), 91 E. C. L. R. 146; Wheelton *v.* Hardisty (Q. B.), 92 E. C. L. R. 267; Ryder *v.* Wombwell, 4 L. R. Exch. 32; Bright *v.* Eynon, 1 Burrowes, 393; Wittkowsky *v.* Wasson, 71 N. C. 451; Manning *v.* Ins. Co., 100 U. S. 694 (2) ; Chandler *v.* Von Roeder, 65 U. S. 224; Ruppert *v.* Railway Co., 154 N. Y. 90 (2) ; *Hall* v. *Page,* 4 *Ga.* 438; *Smith* v. *C. R. Co.,* 82 *Ga.* 807; *Hankerson* v. *Southwestern R. Co.,* 59 *Ga.* 593; *So. Ry. Co.* v. *McMillan,* 101 *Ga.* 116; *Inman* v. *Elberton R. Co.,* 90 *Ga.* 665; *Georgia R. Co.* v. *Roberts,* 114 *Ga.* 388. Judge Bleckley, in *Hankerson* v. *Southwestern Railroad Company,* 59 *Ga.* 593, uses the expression, "where there

is scope for legtimate reasoning by the jury," to indicate the point at which the evidence must arrive before it falls within the province of that branch of the court.

However willing we are to commit to the jury the solution of every question of fact, yet in the very nature of things, when the determination of the issue rests not on direct proof, but on circumstances, there exists a point where the inferences to be drawn can not, as a matter of law, be sufficient to support a verdict. Every item in the universal category of things, in some sense more or less remote, tends to prove any supposable conclusion. The trite quotation, "as far as the east is from the west," is the standing simile of superlative separation, and yet the east and the west meet; we have only to travel far enough to the east to finally arrive at the west, and vice versa. The law contemplates no such metaphysical projections of its maxims; they are to be taken, understood, and applied in a reasonable sense only. When the party upon whom the burden of an issue rests seeks to carry it, not by direct proof, but by inferences, he has not, in this reasonable sense, submitted any evidence for a jury's decision, until the circumstances he places in proof tend in some proximate degree to establish the conclusion he claims; and for this, the facts shown must not only reasonably support that conclusion, but also render less probable all inconsistent conclusions. The established fundamental rules applicable to circumstantial evidence are the same in civil as in criminal trials. In both cases it is required that the circumstances relied upon be not only consistent with the conclusion sought to be established, but also inconsistent with every other reasonable hypothesis. In civil cases this consistency with the one and inconsistency with the other is required to be established only by a mere preponderance; in criminal cases, to the exclusion of reasonable doubt.

Applying these rules, we are constrained to hold that the circumstances which were left for legitimate consideration in the case at bar were wholly insufficient to justify a verdict for the plaintiff. The two circumstances,—the horse standing under a tree near the street and near the car track, bearing an injury capable of being inflicted as well by numerous other agencies, likely to be found upon the street or in the other places into which the horse may have wandered, as by a street-car, and indeed more prob-

ably received from some other source, since there were no bruises and no external signs such as the steel front or other parts of a street-car likely would have left; the solitary horse track in the center of the street, though between the car rails, not identified by any means with this horse, any more than with the other horses which pass daily upon all public streets, unconnected with this horse by any other tracks leading to the place where it was found, —are too utterly inconclusive. Assuming no greater province over the facts than that always, and without challenge, assumed by the courts in passing upon the relevancy or materiality of testimony, we are able to say, that the plaintiff did not prove a case. Indeed, if it were not for the emphatic terms in which this court has announced from the beginning its adherence to the doctrine that the correction of errors of fact is not within its jurisdiction, the length at which we have discussed this question would be an extravagance of demonstration; we only wish to make it clear that we are making no departure now.

2. We have said above that the testimony that a person in uniform, inferentially a motorman of the company, left his car on the morning following the night upon which the horse was supposed to have been injured, and went out to where the horse was standing, has no probative value. This testimony might fail for the same reason stated in the next division of the opinion; but it is also of no worth for another reason. The object of the testimony was to show, by the conduct of the motorman, an implied admission that he was interested in the condition of the horse, and from this to show by inference that he had been responsible for its injury. Upon familiar principles, this was not admissible. We may put the case stronger: if the motorman had stood upon the public street the next morning and had proclaimed to the world, "I struck that horse last night," his declaration would have been hearsay, and of no probative value. Greenleaf on Ev. (16th ed.) §184 c; *Griffin* v. *Montgomery*, 26 *Ga.* 111, and annotations; *Suttles* v. *Sewell*, 117 *Ga.* 215; *Kemp* v. *Central Ry. Co.*, 122 *Ga.* 560; *Miller* v. *McKenzie*, 126 *Ga.* 746, and cit.; *Nat. Build. Asso.* v. *Quin*, 120 *Ga.* 363.

3. The circumstances tending to show that the car stopped between regular stations the night-before are excluded from consideration by virtue of an old and well-established rule governing

proof by circumstantial evidence, that the circumstances relied on must be established by direct evidence, and not by inferences. An inference can not be supported by an inference. 3 Encyc. Ev. 70; Stark. Ev. 80; U. S. v. Ross, 92 U. S. 284; Manning v. Ins. Co., 100 U. S. 698; Douglas v. Mitchell, 2 Casey (35 Pa. St.), 446; Philadelphia City Pass. Ry. Co. v. Henrice, 92 Pa. St. 434; Comm. v. Webster, 5 Cush. (Mass.) 317. Of course, this statement is not to be given too literal or technical an application, and is subject to many just exceptions; but for ordinary purposes (and there is no exception preventing its applicability to this case) it may be regarded as the true and established rule. See, in this connection, Greenleaf on Ev. (16th ed.) §14 (6). The plaintiff sought to support the inference that the car struck the horse, by proof of facts not directly showing, but merely raising the inference, that the car stopped near where the horse was alleged to have been struck, at a time when it is possible it could have been struck. This is too remote.                    *Judgment reversed.*