30025. OVERSTREET, administrator, *v.* METROPOLITAN LIFE INSURANCE COMPANY.

DECIDED APRIL 8, 1943. REHEARING DENIED JUNE 8, 1943.

*McDonald & McDonald,* for plaintiff.
*Farkas & Burt,* for defendant.

FELTON, J. F. C. Overstreet, as administrator of Willis B. Dorminey, sued the Metropolitan Life Insurance Company on a policy of life insurance issued to the insured, to recover a double-indemnity benefit alleged to have been due by reason of the alleged accidental death of the insured. The policy provided for such payment if the insured sustained bodily injuries "solely through external, violent, and accidental means, resulting, directly and independently of all other causes, in the death of the insured within ninety days from the date of such bodily injuries. . . No ac-

cidental death benefit will be paid if the death of the insured is . . caused or contributed to directly or indirectly, or wholly or partially, by disease, or by bodily or mental infirmity." The defendant denied that the insured was killed accidentally, and contended that his death was caused or contributed to, directly or indirectly, by disease or bodily or mental infirmity. The court directed a verdict for the insurance company and denied plaintiff's motion for new trial, to which judgment he excepted.

The evidence showed that the insured fell as he walked up to a spooling machine in the Fitzgerald Cotton Mill, and as he was about to lay his hands on it. L. C. Walker testified that he saw the insured approach the machine; that he looked back and saw he was falling; that he didn't know how he came to fall; that when he fell his head struck an iron loom beam; that he fell about four feet before his head hit the beam; that the floor was not wet but it was oily around the machine because the machine was oiled two or three times a day; that he couldn't say whether the insured stumbled or what caused him to fall. The evidence showed that insured weighed about one hundred eighty pounds and was about forty-six years old. Those who testified stated that they knew him intimately and had never heard of his suffering from any organic or physical disease, and that he appeared to be a healthy, strong, and robust man.

If the death was contributed to or caused by disease or bodily infirmity the plaintiff was not entitled to recover. *Harris* v. *Metropolitan Life Insurance Co.*, 66 *Ga. App.* 761 (19 S. E. 2d, 191). The burden of proving liability on the part of the defendant was on the plaintiff. *Green* v. *Metropolitan Life Insurance Co.*, 67 *Ga. App.* 520 (21 S. E. 2d, 465) and cit. There was no evidence that the fall was accidental or was caused by accidental means, or that it was not caused by physical disease or infirmity. The latter theory was not reasonably excluded by the evidence, and no presumption fortified the plaintiff's case. Where circumstantial evidence equally supports two theories it proves neither. *Woodruff* v. *American Mutual Liability Insurance Co.*, 67 *Ga. App.* 554 (21 S. E. 2d, 298), and cit.; *Southern Railway Co.* v. *Newman*, 187 *Ga.* 132 (199 S. E. 753). The plaintiff relies on *Dorminy* v. *American Mutual Liability Insurance Co.*, 61 *Ga. App.* 301 (6 S. E. 2d, 67). The ruling there is not applicable to this case for the reason

that an "accident" within the meaning of the compensation law is broader than is an accident under the provisions of the insurance policy here involved. If there had been evidence of an accidental fall the case would be different. Considering only the evidence which the plaintiff concedes was properly admitted the plaintiff did not make out a case, and it was not error for the court to direct a verdict for the defendant and to overrule the plaintiff's motion for new trial. It is not necessary to pass on the other questions raised.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*