33032.   CHEVROLET-ATLANTA DIVISION, GENERAL MOTORS CORP. *v.* NASH.

DECIDED MAY 12, 1950.   REHEARING DENIED JUNE 6, 1950.

674

678

*Edgar A. Neely Jr., Neely, Marshall & Greene,* for plaintiff in error.

*T. Elton Drake,* contra.

GARDNER, J.  (a)  We have set out the evidence in detail

more than we usually do. It is conceded by distinguished counsel for the defendant that if there is sufficient competent evidence in the record to support the findings of fact, such findings are binding upon this court. Under Code § 114-710, this court is required to reverse the award if there is no sufficient competent evidence in the record to warrant the director not making the order or decree of which complaint is made, or if "the order or decree is contrary to law." It is mandatory upon this court under Code § 114-710 to examine the record to see if there is sufficient competent evidence in the record to support the award. Our attention is called by counsel for the defendant to the case of *United States Fidelity & Guaranty Company* v. *Brown*, 68 *Ga. App.* 706 (3,4), (23 S. E. 2d, 443), which reads: "Finding of fact based on mere conjecture can not be upheld. . . Where the injury can, with equal probability, be attributed to one of two accidents, from the same proof, the evidence is without selective application to either, and it remains conjecture only as to which caused the injury."

Upon an examination of the facts in the *Brown* case, it will be seen that the contention there was as to whether the injury to the eye was caused by an accident which occurred in 1935 or 1936 or by an accident which occurred in 1941. We will not here go into the facts concerning these two accidents which occurred several years apart. The single director and the full board in that case made an award denying compensation. On appeal to the superior court, that court reversed the award. The Court of Appeals affirmed the judgment of the superior court. Upon reading that case, it will be discerned that the board found that the accident of 1935 or 1936 caused the injury, and not the accident of 1941. This court affirmed the judgment of the superior court on the grounds that there was not sufficient competent evidence to sustain the award of the board to the effect that the injury resulted from the accident which occurred in 1935 or 1936 but that there was sufficient competent evidence to sustain the award for the injury which occurred in 1941. This court affirmed the judgment of the superior court with direction. That case differs from the instant case in that there were two accidents which occurred several years apart and the evidence as a matter of law showed that the injury resulted from the ac-

cident of 1941. In the instant case, there are not two accidents involved and not two theories equally consistent involved, under the evidence. In the instant case it is simply, as we see it, a conflict in the evidence of the claimant on one hand, and the defendant on the other, as to what was the proximate cause of the injury, and leading to the conclusion under the evidence as to whether the argument combined with the physical condition of the deceased produced the injury, or whether the heavy work and the physical condition of the deceased caused the injury. It was for the fact-finding body to determine, under all the evidence, as to what caused the seizure. The fact-finding body being the judges as to the credibility of the witnesses, being well authorized under the evidence to conclude that the argument had nothing to do with the seizure but that the heavy work, and the physical condition of the deceased, was the sole proximate cause of the seizure. If we are correct in this view, and we think we are, there is sufficient competent evidence to sustain the award. The principles of law as enunciated in the *Brown* case in headnotes 3 and 4 are good as to abstract principles of law but do not require a reversal in the instant case.

(b) An earnest and enthusiastic attack on the expert testimony of Dr. Blackford is made. This goes to the effect that his opinion and conclusions are not based upon the assumed facts and to the effect that an expert opinion based upon facts of other witness or witnesses which do not state the facts is without probative value. Counsel cited, in this connection, Code § 38-1701; *Yarbrough* v. *Yarbrough,* 202 *Ga.* 392, 398 (8) (43 S. E. 2d, 329) ; 20 Am. Jur. 662; Hines *v.* Pacific Mills, 214 S. C. 125 (51 S. E. 2d, 383) ; *Travelers Insurance Co.* v. *Thornton,* 119 *Ga.* 455 (2) (46 S. E. 678). In the statement of facts, we have called attention to the testimony of Dr. Blackford in full and have in connection therewith set out the colloquy as between counsel for both parties and the questions by the hearing director. We have done this with the view that the facts of the situation may appear in the record. While it is true that perhaps there is some variance as between the exact rule as it applies to testimony of an expert in giving his opinion, as to facts testified to by others, yet at the same time, as aside from this, we think that there is sufficient competent testimony in this

regard to support the award. Dr. Cooley gave as his opinion that the argument was the proximate cause of the seizure and not the work, while Dr. Blackford was of the opinion that the work caused it. While it is true that Dr. Blackford was asked by counsel for the defendant as to, and made a statement as to, altercations and getting angry and making statements that the deceased was mad enough to fight, yet there were witnesses other than experts who testified that the argument on the day of the seizure was no more intense than previous arguments about other matters and many things between these men. It follows that it was within the province of the fact-finding body to pass upon these issues of fact which arose by reason of the conflicts in the testimony of the doctor who testified for the defendant and the doctor who testified for the claimant.

(c) Our attention is called to *American Mutual &c. Ins. Co.* v. *Harden,* 64 *Ga. App.* 593, 595 (13 S. E. 2d, 685), to the effect that as the facts are consistent with either of two theories they prove neither. While that principle of law is true, as an abstract principle of law, and applicable to that case under its facts, after a careful consideration, we are inclined to the opinion that the facts in the instant case distinguish it from that case.

Our attention is also called to *Woodruff* v. *American Mutual Liability Ins. Co.,* 67 *Ga. App.* 554, 557 (21 S. E. 2d, 298). The facts in that case are quite different from those in the instant case as will be seen by a comparison thereof.

Our attention is further called to *Overstreet* v. *Metropolitan Life Insurance Co.,* 69 *Ga. App.* 459, 460 (26 S. E. 2d, 115). That case is a suit based on an insurance policy for an accidental death. The principle of law under the facts of that case is entirely different, as a study will reveal, from the principles of law applicable to workmen's compensation law.

(d) We think the instant case, under its facts, is controlled by the decisions in the cases of *Brown* v. *Lumbermen's Mutual Insurance Co.,* 49 *Ga. App.* 99 (174 S. E. 359), *Williams* v. *Maryland Casualty Co.,* 67 *Ga. App.* 649 (21 S. E. 2d, 478), and *Fidelity & Casuality Co.* v. *Adams,* 70 *Ga. App.* 297 (28 S. E. 2d, 79). In the latter case the court said: "If the employment of the employee contributes to the injury it is an accident under our compensation law and is compensable, it matters not

what combined with the employment to produce it." See also *United States Casualty Co.* v. *Richardson,* 75 *Ga. App.* 496 (43 S. E. 2d, 793); *Standard Accident Insurance Co.* v. *Handspike,* 76 *Ga. App.* 67 (44 S. E. 2d, 704), and citations therein.

Since there is some competent testimony to support the award, the superior court did not err in its judgment affirming the award of the State Board of Workmen's Compensation.

*Judgment affirmed   MacIntyre, P.J., and Townsend, J., concur.*