### 33400. MARTIN *v.* MEDLIN.

Decided February 10, 1951. Rehearing denied March 20, 1951.

*Esther L. Martin,* in propria persona.
*Victor K. Meador,* contra.

TOWNSEND, J. (After stating the foregoing facts.) Constru-

ing the evidence most favorably to the plaintiff, as must be done on a motion for a nonsuit, it appears that the defendant rented the premises in 1938 from the plaintiff's mother; that the plaintiff was neither the landlord nor the owner of the property until the death of her mother in July, 1946; that after the death of the plaintiff's mother the defendant recognized the plaintiff as her landlord, and that she was at that time, and until she bought her sister's interest, a half owner of the premises. There is no evidence whatever from which it might be inferred whether the damage complained of occurred before or after the death of the former owner, Mrs. Lyons, and, if any of the damage occurred after her death, what part occurred during the time the plaintiff and her sister were tenants in common and what part occurred after the plaintiff bought out her sister's interest (there being some ambiguity in the record as to this date also, from which it might be inferred that the plaintiff bought her sister's interest in 1947 and executed the loan at that time, when the repairs were made, rather than in August, 1948, as she testified.) This being the case, the testimony is perfectly consistent with the fact that the damage was done by the tenant between the years 1938 and 1946, or 1947, when Mrs. Lyons was the owner and landlord, or between the time of her death and the time in 1947 when the tenant vacated the premises, or that it occurred partly during the first period and partly during the second. Facts which are consistent with either of two contradictory theories prove neither. *Woodruff* v. *American Mutual Liability Ins. Co.*, 67 *Ga. App.* 554 (21 S. E. 2d, 298); *Weathers Bros. Transfer Co.* v. *Jarrell*, 72 *Ga. App.* 317 (33 S. E. 805). In consequence, unless the plaintiff had a right of action for damage occurring during the lifetime of her mother she has not established any right to sue for damage inflicted at that time. Code § 3-109 states as follows: "An action for a tort shall in general be brought in the name of the person whose legal right has been affected, and who was legally interested in the property at the time the injury thereto was committed and against the party committing the injury, either by himself, his servant or agent in his employment." In *Smith* v. *Central of Ga. Ry. Co.*, 22 *Ga. App.* 572 (96 S. E. 570) at page 576 the rule is set out as follows: "It appearing that the last of the alleged acts of

trespass was before the petitioner became the owner of the land, the right of action therefore, if any, was in her predecessor in title. 'A vendee of land upon which a trespass had been committed while it was the property of his vendor has no right of action against the trespasser for damages thus occasioned, which were recoverable by the vendor; aliter, as to new and additional damages growing out of a continuation of the original trespass after the vendee acquired title.' *Allen v. Macon, Dublin & Savannah R. Co.,* [107 *Ga.* 838 (4)]; *Green v. South Bound R. Co.,* 112 *Ga.* 849 (38 S. E. 81); Civil Code (1910) § 4458. The original petition showed no 'new and additional damages growing out of a continuation of the original trespass after the vendee acquired title.'" See also *Wrightsville & Tennille R. Co.* v. *Holmes,* 85 *Ga.* 668, 671 (11 S. E. 658); *Southern Ry. Co.* v. *Leonard,* 58 *Ga. App.* 574 (199 S. E. 433) at page 584; *Beasley* v. *Central of Ga. Ry. Co.,* 17 *Ga. App.* 615 (87 S. E. 907). The plaintiff inherited an interest in the property at the time of her mother's death, and took it subject to its condition at that time. Further, she failed to prove her case as laid, for she alleged that under an agreement entered into August 29, 1942, the defendant became a tenant at will of the plaintiff, whereas her testimony was that on that date the defendant became a tenant at will of Mrs. Lyons.

The trial court did not err in granting the motion for a nonsuit.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*