37460. COLLINS *v.* PHILLIPS *et al.*

DECIDED JANUARY 29, 1959.

14

*John S. McClelland, Grady E. Rozar,* for plaintiff in error.

*T. J. Long, Ben Weinberg, Jr.,* contra.

FELTON, Chief Judge. There are two predominant hypotheses in this case on the two vital questions, whether the defendants were negligent and whether if they were the negligence was the proximate cause of the death. One is that P. A. Phillips drove his truck about twenty inches on the wrong side of the highway and slowed the speed of the truck to such an extent as to cause the deceased to run into the rear of the leading vehicle. The

second is that the deceased attempted to pass the leading vehicle while there was oncoming traffic in the opposite lane of traffic and did not have time to pass and attempted to cut back into his own lane of traffic. The evidence is entirely circumstantial, and assuming for the sake or argument that the two theories are equally reasonable, which we do not concede to be true, the established rule is that where circumstantial evidence points equally to two opposing theories, one consistent with liability and the other not, the party having the burden of proof fails to show a case of liability. *Camp* v. *Emory University*, 95 *Ga. App.* 442 (98 S. E. 2d 66) and cases cited.

Some further observations seem to be pertinent. The speed of the leading vehicle was not drastically reduced. The collision occurred on the right-hand side of the highway. It cannot be concluded with any degree of certainty which truck made the skid marks on the road. In crossing the bridge and passing the cars parked on the shoulder and close to the pavement the defendant Phillips allowed the left tire of the truck to go twenty inches over into the wrong lane but the evidence shows that the collision occurred north of the point where these cars were parked. A most significant fact is that at the time of the collision the undisputed evidence shows that there was traffic flowing in the opposite direction and that one vehicle so traveling was alongside the Nash truck, driven by Phillips.

The evidence did not authorize a finding that the defendants were guilty of negligence constituting the proximate cause of the death.

The court did not err in directing a verdict for the defendants.

*Judgment affirmed. Nichols, J., concurs. Quillian, J., concurs in the judgment.*