## 39629.   McCARTY v. NATIONAL LIFE & ACCIDENT INSURANCE COMPANY.

DECIDED DECEMBER 3, 1962—REHEARING DENIED DECEMBER 19, 1962.

*Turner, Brock & Tisdale, Edward T. Brock,* for plaintiff in error.

*Buchanan, Edenfield & Sizemore, Newell Edenfield, William H. Major,* contra.

*Nolan B. Harmon,* amicus curiae.

HALL, Judge. ■ The trial court's function in ruling on a motion for summary judgment is analogous to the function he performs when ruling on a motion for directed verdict. 6 Moore's Federal Practice 2101, § 56.15; 2020, § 56.02 [10]. "The essence of both motions is that there is no genuine issue of material fact to be resolved by the trier of the facts, and that the movant is entitled to judgment on the law applicable to the established facts." 6 Moore's Federal Practice 2032, § 56.04 [2]. The burden of demonstrating this lack of a substantial issue is upon the moving party in a motion for directed verdict (*Code* § 110-104) or a motion for summary judgment. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442). The party opposing the motion must be given the benefit of all reasonable doubts on motion for directed verdict (*Sellers v. Wolverine Soap Co.,* 19 Ga. App. 295 (1), 91 SE 489) or motion for summary judgment. *Holland v. Sanfax Corp.,* supra, p. 5. The evidence must be construed most favorably to the party opposing the motion for directed verdict (*Curry v. Durden,* 103 Ga. App. 371 (1), 118 SE2d 871) or motion for summary judgment. Walling v. Fairmont Creamery Co., 139 F2d 318 (6), 322. The party opposing the motion must be given the benefit of all favorable inferences on motion for directed verdict (*Northwestern University v. Crisp,* 211 Ga. 636, 647, 88 SE2d 26) or motion for summary judgment. *Bagley v. Firestone Tire &c. Co.,* 104 Ga. App. 736, 739 (123 SE2d 179); *Holland v. Sanfax Corp.,* supra, p. 5. In other words, where more than one inference can be drawn from the evidence, the duty of solving the mystery should be placed upon the jury and not the trial judge. *Northwestern University v. Crisp,* supra; *Marshall v. Woodbury Banking Co.,* 8 Ga. App. 221 (68 SE 957). This is true with respect to circumstantial evidence as well as direct evidence. *Whitaker v. Paden,* 78 Ga. App. 145, 148 (50 SE2d 774).

The plaintiff in this case made no effort to call upon the ex-

ercise of the trial court's discretion under *Code Ann.* § 110-1206.[1] On the contrary, during oral argument before this court, counsel for the plaintiff conceded that if this case had gone to trial there would not have been any other evidence than that submitted on this motion for summary judgment. For this reason and the other reasons stated above, it is axiomatic that the question before us here on motion for summary judgment is identical to the question that would be raised on a motion for directed verdict.

■ The defendant's motion for summary judgment was supported by a deposition of a pathologist, the medical examiner for Fulton County, an affidavit of a witness, and a copy of the insured's death certificate. This evidence showed that the insured fell on the pavement at school and was picked up and carried to the doctor's office while apparently still alive, but was pronounced dead upon examination by the doctor; and that an autopsy of the insured's body was performed revealing certain facts reflecting on the cause of death. There was no direct evidence on the question whether the death resulted through "external, violent, and accidental means." The testimony of the pathologist who performed the autopsy was in part as follows: The immediate cause of death was asphyxia due to regurgitation and aspiration of gastric contents. There was a freshly broken tooth, red and exposed, a faint area of abrasion near the center of the forehead, lacerations of the lower jaw, and of the inner surface of the lower lip adjacent to the broken tooth, none of which in his opinion contributed to the death. In his opinion the insured's death was not contributed to by a fall. This opinion was based on the physical appearance of the insured's external injuries, indicating to him that the insured did not survive over five to twenty minutes after the fall. The fall was of sufficient force to cause a brain concussion, which is a

---

[1] "Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

shaking up or jolting associated with unconsciousness; and it was possible the insured had one. There was no evidence that would lead him to believe, and he was unable to express an opinion, either that there was a concussion or that there was not a concussion. If there was a concussion this would be the most likely cause of aspiration of gastric contents and it would change his opinion as to the cause of death. It would be more likely for an unconscious person or semi-conscious person to regurgitate and aspirate into the air passages than for a conscious person. There was pathological evidence of infection. Regurgitation can be caused by infection, among other things.

The evidence as to the insured's external injuries, and the evidence that the insured's fall was of such force that it could have caused a concussion, and that a semi-conscious or unconscious person is more likely than a conscious person to regurgitate and aspirate gastric contents, could lead to a reasonable hypothesis that the insured fell and had a concussion and became unconscious, followed by regurgitation. On the other hand, the physical appearance of the insured's external injuries indicating, in the pathologist's opinion, that the insured did not survive over five to twenty minutes after the fall, and the evidence that infection was present, and that regurgitation can be caused by infection and other conditions, could lead to the reasonable hypothesis that regurgitation and aspiration of gastric contents causing asphyxia occurred first, and then the fall. From the facts and the medical opinion evidence more than one reasonable hypothesis as to the cause of death could be reached. Accordingly, we are of the opinion that the question whether the defendant has carried the burden of proof by showing that the second hypothesis stated above is more probable than the first must be left to the jury.

The law concerning when circumstantial evidence alone will create an issue of fact for submission to the jury has not been applied consistently. In 32 CJS 1102, § 1039, it is stated: "It is asserted by a number of authorities that a conclusion is not supported by circumstantial evidence unless the facts relied on are of such a nature, and so related to each other, that no other conclusion can fairly or reasonably be drawn from them; but

there is also authority for the view that it is sufficient for the party having the burden of proof to make out the *more probable hypothesis,* and that the evidence need not rise to that degree of certainty which will exclude every other reasonable conclusion." (Emphasis supplied). In the 1962 Cumulative Annual Pocket Part to CJS there are Georgia cases cited for each of the views mentioned in the above quotation. It is our opinion that the right and controlling rule is that established in *Georgia R. &c. Co. v. Harris,* 1 Ga. App. 714, 717 (57 SE 1076), and *Radcliffe v. Maddox,* 45 Ga. App. 676, 682, 683 (165 SE 841), which holds: "In neither criminal nor civil cases is it required that the proved circumstances shall show consistency with the hypothesis claimed and inconsistency with all other reasonable theories to the point of logical demonstration. In civil cases all other reasonable theories are excluded when proved circumstances of real and actual probative value *cause the jury* to find that the preponderance of the evidence is in favor of the hypothesis claimed, as against all other reasonable but less probable theories." (Emphasis supplied).

It appears that the confusion has arisen because of the failure of courts to distinguish between the question (1) whether the evidence *reasonably establishes* a given theory and the question (2) whether the evidence *preponderates* to one or another of the theories which it reasonably establishes. The first question is one for the court to decide. This is essentially an "any evidence" question. There must be more than a "scintilla" of circumstances to carry the case to the jury. *Georgia R. &c. Co. v. Harris,* 1 Ga. App. 714, supra; Green, Georgia Law of Evidence, 86, 87, § 22. More than a "scintilla" of circumstances "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. National Labor Relations Board, 305 U. S. 197, 229 (59 SC 206, 83 LE 126). If it is permissible reasonably to draw a given inference from the circumstances proved, such inference is not mere speculation or conjecture. As Mr. Justice Cardozo (prior to his service on the Supreme Court of the United States) explained in People v. Van Aken, 217 N. Y. 532, 542 (112 NE 380), an inference is legitimate deduction whereas conjecture is mere

unregulated suspicion. If the evidence reasonably establishes the plaintiff's theory it must be submitted to the jury for deciding the second question—whether the evidence preponderates to that theory or to some other; and in deciding that the evidence preponderates to one permissible conclusion, the jury excludes all other less reasonable hypotheses. *Radcliffe v. Maddox*, 45 Ga. App. 676, supra; *Travelers Ins. Co. v. Miller*, 104 Ga. App. 554, 561 (122 SE2d 268).

This view is consistent with the general principle of our law which leaves it to the jury to resolve all questions of weighing the evidence. Tennant v. Peoria & Pekin Union R. Co., 321 U. S. 29, 35 (64 SC 409, 88 LE 520), was a case based on circumstantial evidence and it was there held that courts should not take a "case away from the jury on a theory that the proof gives equal support to inconsistent and uncertain inferences. The focal point of judicial review is the reasonableness of the particular inference or conclusion drawn by the jury. It is the jury, not the court, which is the fact-finding body. It weighs the contradictory evidence and inferences, judges the credibility of witnesses, receives expert instructions, and draws the ultimate conclusion as to the facts. The very essence of its function is to select from among conflicting inferences and conclusions that which it considers most reasonable." "The situation is best summed up by the language of Justice Bleckley, speaking for the court, in *Brown v. Matthews*, 79 Ga. 1 (4 SE 13): 'Truth is often dim, but is truth nevertheless. Frequently amongst the facts best proved is one which no witness has mentioned in his testimony, such fact being an inference from other facts.'" *Christian Const. Co. v. Wood*, 104 Ga. App. 751, 757 (123 SE2d 151).

In considering whether or not a party has carried its burden of proof by circumstantial evidence the jury is to decide upon the preponderance between the hypotheses the evidence might reasonably establish. Thus, it would be proper for the court to charge the jury, as stated in *Overstreet v. Metropolitan Life Ins. Co.*, 69 Ga. App. 459 (26 SE2d 115), that "where circumstantial evidence equally supports two theories it proves neither." The court, of course, could properly decide that the evidence *reasonably established* either of two opposing theories. But such a

decision imports a conflict in the evidence. A conflict in the evidence makes necessary its submission to the jury for decision upon the preponderance of the evidence or other burden of proof the party may have to carry. 20 Am. Jur. 1043, § 1190. If the jury should find that neither theory preponderates, but that they are supported equally, it would follow that the party had not carried his burden of proof. This the court overlooked in the *Overstreet* case when it affirmed the directed verdict after itself passing on the preponderance of the evidence and deciding (1) that it supported two opposing theories *equally* (see opinion at page 460); and (2) that one of the hypotheses was not reasonably excluded (see headnote). Moreover, the court there overlooked the rule that in passing on a motion for directed verdict it should consider the inference most favorable to the party opposing the motion. When circumstantial evidence as seen by the court is "equal," or when it is "in conflict," the court cannot decide where the preponderance lies or exclude hypotheses that seem to it to be the less reasonable; and it is error to direct a verdict. *Whitaker v. Paden*, 78 Ga. App. 145, 150, supra; *Halligan v. Underwriters at Lloyd's, London*, 102 Ga. App. 905, 909 (118 SE2d 107); accord, *Dodd v. Callaway*, 76 Ga. App. 629, 636 (46 SE2d 740). The *Overstreet* case would deprive the jury of the function to decide whether the theories established by the circumstantial evidence are supported equally or unequally, or that one is less probable than the other and therefore excluded. We are of the opinion therefore that the *Overstreet* case is inconsistent with *Georgia R. &c. Co. v. Harris*, 1 Ga. App. 714, supra, and *Radcliffe v. Maddox*, 45 Ga. App. 676, supra, and is not controlling, and that the other cases cited in Judge Felton's concurring opinion, insofar as they are inconsistent with the *Harris* and *Radcliffe* cases as explained herein, are not controlling. *Ladson Motor Co. v. Croft*, 212 Ga. 275 (92 SE2d 103), was a workmen's compensation case in which it was decided that the evidence was insufficient to show that the deceased employee's death was by reason of an accident arising out of his employment. In the majority opinion (in which four Justices concurred, with two Justices dissenting) there is the language (p. 277), "where the evidence tends equally to sustain two incon-

sistent propositions, neither can be said to have been established by legitimate proof." What the case actually held, however, was that there was not a "scintilla" of circumstances authorizing an inference that the employee's death arose out of his employment, but the circumstances did authorize a reasonable inference to the contrary. Hence, that case is not in conflict with the present opinion.

It should be remembered that there remains with the trial judge, even after he has denied a motion for summary judgment and a motion for directed verdict, the discretionary authority to grant a motion for new trial on the general grounds if after hearing the case he believes the verdict is contrary to the evidence, the law, and the principles of justice and equity. However, "A judge cannot properly direct a verdict because he may think that the strength or weight of the evidence is on one side, or because he might grant a new trial if a verdict should be returned against what he thinks is the preponderance of the evidence. Under the Code [*Code Ann.* § 110-104], this can be done only where there is no conflict in the material evidence, and where that introduced with all reasonable deductions or inferences therefrom demands a particular verdict." *Blackburn v. Lee*, 137 Ga. 265 (73 SE 1); *Northwestern University v. Crisp*, 211 Ga. 636, 647, supra. Our law has always provided this safeguard—the discretion of the trial judge to grant a new trial after the verdict—against abuses by juries of their fact-finding prerogative. We need not fear wholesale perversion of justice as long as this power rests in the hands of our trial judges who see the disputes tried with living people.

The defendant argues that the plaintiff has presented no genuine issue of fact because her case rests on a pyramiding of inferences, in that from the fact that the insured was on the ground the inference that he fell is drawn, and other inferences are based on the inference that he fell. Since the affidavit submitted by the defendant with its motion for summary judgment contains evidence that the insured had fallen and been hurt, and is an admission on the part of the defendant, we need not discuss this contention.

There remains a genuine issue of material fact as to whether

the death of the insured resulted through external, violent and accidental means; therefore, the court below erred in granting the defendant's motion for summary judgment.

*Judgment reversed. Bell, J., concurs. Felton, C. J., concurs specially.*

FELTON, Chief Judge, concurring specially. I concur in the judgment of reversal but not for the reason given by the majority opinion. What happens to the summary judgment in this case is of little importance if the law is stated correctly. My concern is over what the majority opinion does to the law of this State. My opinion is that it plays havoc with the law of Georgia as it applies to the control by our appellate courts over jury or trial court findings based solely on uncontradicted circumstantial evidence.

If I am correct in my views, on a trial of the case before a jury, *with the evidence the same, a directed verdict against the plaintiff will be demanded.*

If the majority views are correct, on a trial of the case with the evidence the same, *a jury verdict for either party will necessarily have to be affirmed by this court.* If the jury found for the plaintiff on the first trial and the judgment was reversed on a special ground only and affirmed on the general grounds, if the jury on a second trial found for the defendant on the same evidence this *court would have to affirm the judgment on the general grounds* if the majority is correct. To my mind such a situation is unthinkably illogical and against all of the principles of justice under law and defies the basic philosophy of search for truth based on reason and causes justice to abdicate in favor of pure conjecture and guess, a result which I think our courts have emphatically declared against through the years.

At the outset I think it well to call attention to a fact which may cause a misinterpretation of some of our appellate decisions. Under the old law it was never error to refuse to direct a verdict. Under that law judges most often let cases go to juries when the evidence demanded a verdict one way or the other and it was held not to be error to do so. So in many such cases the issue we have in this case never directly came to focus except on an attack on a jury verdict. Under the present law we

can get the issue out in the open on summary judgment or motion for a judgment n.o.v. Under the evidence in this case the theory that the fall came first is as reasonable as the theory that the regurgitation came first.

My contention is that when a case is sought to be proved by circumstantial evidence and there is no conflict in the evidence to make the solution one exclusively for the jury, *the question for decision is one of law and only one result is justified under the law,* with possible exceptions where the ultimate legal finding is a question for a jury as for example in negligence cases. In *Georgia Cas. Co. v. Martin,* 157 Ga. 909, 910 (122 SE 881) the court stated: "The evidence in the case is not contradictory, and leaves the whole question one of law." "To establish a theory by circumstantial evidence, the known facts relied upon as a basis for the theory must be of such nature and so related to each other that the only reasonable conclusion to be drawn therefrom is the theory sought to be established." 20 Am. Jur. 1041, 1043, Evidence, § 1189, citing 7 cases plus 2 in the supplement. "Where the evidence on an issue of fact is in equipoise, or there is any doubt or perplexity as to the side on which the evidence preponderates, the party having the burden of proof fails on that issue." 32 CJS 1047, Evidence, § 1019 (b), citing 33 cases plus 28 in the supplement. ". . . [C]ircumstantial evidence is not sufficient to establish a conclusion where the circumstances are merely consistent with such conclusion, or where the circumstances give equal support to inconsistent conclusions, or are equally consistent with contradictory hypotheses." 32 CJS 1099, 1101, Evidence, § 1039, citing 63 cases plus 33 in the supplement. Of these cases, 18 are cited in the text and 4 in the supplement for the proposition that "where proved facts give equal support to each of two inconsistent inferences, judgment as matter of law must go against party having burden of proof." If the majority view is correct the overturning of jury verdicts in many of the cases cited under the statement of the principle cannot be explained. If it is a jury's function to finally decide which of two reasonable theories is the most probable where the evidence contains no conflict, or whether two theories are equal, *I submit that there would be no*

*occasion for a reviewing court to overturn the jury verdict by holding that the theories were equally reasonable and declare that in such an event the party having the burden of proof could not prevail.* This rule has been declared in civil cases by this court and the Supreme Court. *Pullman Co. v. Strang,* 35 Ga. App. 59, 79 (132 SE 399) ; *Overstreet v. Metropolitan Life Ins. Co.,* 69 Ga. App. 459, 460, supra; *Collins v. Phillips,* 99 Ga. App. 13 (107 SE2d 275) ; *Camp v. Emory University,* 95 Ga. App. 442 (98 SE2d 66) ; *Woodruff v. American Mut. &c. Ins. Co.,* 67 Ga. App. 554 (21 SE2d 298) ; *Weathers Bros. Transfer Co. v. Jarrell,* 72 Ga. App. 317 (33 SE2d 805) ; *Chevrolet Atlanta Division, General Motors Corp. v. Nash,* 81 Ga. App. 671 (59 SE2d 681) ; *Martin v. Medlin,* 83 Ga. App. 589 (64 SE2d 73). The Supreme Court indorsed the rule in *Ladson Motor Co. v. Croft,* 212 Ga. 275, 277, supra, by overruling the fact-finding body and did not merely hold, as the majority states, that the circumstances "authorized a reasonable inference to the contrary." The dissenting opinion in the *Croft* case is not contrary to the rule but is a contention *under the rule* that a finding was demanded for the widow of the employee. My dissents in *Macon Coca-Cola Bottling Co. v. Crane,* 55 Ga. App. 573 (190 SE 879), and in *New York Life Ins. Co. v. Ittner,* 64 Ga. App. 806 (14 SE2d 203) may be interesting to consider in this connection.

The basis of my special concurrence is that since the burden of proof of piercing the pleadings and showing a case of no liability is on the defendant it failed for the same reason the plaintiff cannot recover on a trial under the same evidence. No case of non-liability is shown by the defendant because the hypotheses it submits are equally probable in view of the lack of proof of whether there was a concussion or not. A statement by counsel on oral argument that on a trial the evidence would be as shown here is irrelevant to the issue here, creates no estoppel, and is not binding. We are not passing on the result of a trial.

I think that the main error in the majority view is their contention that a party is entitled *to go to a jury,* on uncontradicted circumstantial evidence, by proving facts which *reasonably establish the theory relied on.* I disagree with that proposition.

They state only the first half of the requirement. The hiatus in their position is that a party must not only prove facts which reasonably establish the theory relied on by circumstantial evidence but must by his evidence *exclude all other reasonable hypotheses*. In taking such a position it is my opinion that the majority have in mind a situation where a plaintiff could conceivably make out a prima facie case for recovery if no other evidence was introduced. The burden of proceeding with the evidence would then be on the defendant. Then, as I contend, if the defendant by uncontradicted evidence presented one or more other equally reasonable theories the plaintiff could not prevail. In this case the movant for summary judgment on direct examination of the pathologist proved enough to prevail, but on cross-examination another equally reasonable theory was shown, so it failed in its effort to pierce the pleadings and show a non-accidental death produced by an external cause. Under the majority's view mere proof of a reasonable theory is enough even if the defendant's evidence shows a dozen equally reasonable hypotheses. If another reasonable theory appears in the case from the plaintiff's side or the defendant's the plaintiff's case falls on the trial before a jury because the plaintiff has the overall burden of proof and he fails to carry it where uncontradicted circumstantial evidence shows that there are one or more other hypotheses as reasonable as plaintiff's and calling for a different finding. In such a case preponderance of evidence is not really involved, because a jury should not be concerned with the case, and most matters bearing on preponderance refer to matters for the peculiar consideration of the jury in determining facts upon which the conclusion should be based. In such a case as this it seems to me to be muddying the water to say that the rule I contend for is inapplicable because the determination of preponderance is for a jury. The rule applies in criminal cases in spite of the fact that reasonable doubt in other cases is a jury question. That means reasonable doubt about proof of disputed facts and not whether uncontradicted circumstances exclude reasonable doubt. Many a jury verdict based on uncontradicted circumstantial evidence has been reversed in criminal cases and so have they in civil cases as

190

shown above. The majority go outside the issue here by citing cases involving conflicts in evidence. I won't list them all but examples are: *Whitaker v. Paden*, 78 Ga. App. 145, supra; *Northwestern University v. Crisp*, 211 Ga. 636, supra; Tennant v. Peoria & Pekin Union R. Co., 321 U. S. 29, supra; *Travelers Ins. Co. v. Miller*, 104 Ga. App. 554, supra. *Georgia R. &c. Co. v. Harris*, 1 Ga. App. 714, supra, holds exactly what I contend is the law. I know that to establish a case by circumstantial evidence one does not have to show the claimed hypothesis to be inconsistent with all other reasonable theories *to the point of logical demonstration.* My position is not contrary to the ruling in *Radcliffe v. Maddox*, 45 Ga. App. 676, supra. The court there was considering a charge. In addition, in that case the evidence was in conflict, which takes it out of the rule I contend for. There are some cases where the results are contrary to my views. They are not older cases which establish law contrary to my views. In *Overstreet v. Metropolitan Life Ins. Co.*, 69 Ga. App. 459, supra, the plaintiff failed to make out a case simply because the plaintiff did not exclude the theory that sickness might have contributed to the death. Two judges do not have the authority to overrule a three-judge case in this court or a decision of the Supreme Court.

If this decision stands, if the evidence on the trial of the case is the same, and if the jury finds in favor of the plaintiff, it cannot be reversed on the general grounds or a failure to grant a judgment n.o.v. Likewise, if a verdict is directed for the defendant, this court will have to reverse it. All these consequences will result from the law of this case as made by the majority ruling.