### 42056. AMERICAN INSURANCE COMPANY v. GUEST PRINTING COMPANY.

ARGUED JUNE 6, 1966—DECIDED JUNE 30, 1966—REHEARING DENIED JULY 26, 1966—

*Erwin, Birchmore & Epting, Eugene A. Epting,* for appellant. *Hudson & Stula, Jim Hudson, Joseph J. Gaines, Rupert A. Brown,* for appellee.

FELTON, Chief Judge. Appellee brought an action against the appellant insurer to recover for a loss allegedly covered under the windstorm provisions of its multiple peril insurance policy, which contained the following relevant exclusions: "1. This Company shall not be liable as respects this peril for loss caused directly or indirectly by frost or cold weather or ice (other than hail), snow or sleet, whether driven by wind or not. 2. This Company shall not be liable as respects this peril for loss to the interior of the building(s) or the property covered therein caused: a. by rain, snow, sand or dust, whether driven by wind or not, unless the building(s) covered or containing the property covered shall first sustain an actual damage to roof or walls by the direct action of wind or hail and then shall be liable for loss to the interior of the building(s) or the property covered therein as may be caused by rain, snow, sand or dust entering the building(s) through openings in the roof or walls made by direct action of wind or hail." The plaintiff alleged that the loss was caused by a windstorm blowing a large television antenna on an adjacent building over onto its roof, making holes in its roof through which melting snow entered the building.

The following evidence was adduced: That at about 4:30 p.m., January 1, 1964, water was found to have flooded the ground floor of the plaintiff's 3-story building and water was dripping from the ceiling; that on December 31, 1963, sleet started falling during the morning and continued into the afternoon, followed by snow on January 1, 1964; that there was wind on December 31, estimated by the plaintiff's president at 30 m.p.h. velocity; that on the afternoon and night of December 31st there was an accumulation of ice on trees and television antennae; that on the morning of January 2, the ice was 5 to 6 inches deep in the gutter of the plaintiff's roof; that the downed television antenna was not discovered on the roof until January 2; that two other television antennae in the vicinity, although not as tall, had not fallen;

that a guy wire supporting the antenna had pulled loose from its base; that, according to expert testimony, the fall could have been caused by any one or a combination of the following factors: (1) ice, (2) wind and (3) improper anchoring.

The trial of the case resulted in a verdict and judgment in favor of the plaintiff and the defendant appealed from this judgment and the overruling of its motion for judgment n.o.v. and its motion for a new trial as amended.

In order to recover under the above policy provisions, the plaintiff must have shown, by a preponderance of the evidence, not only that the loss was caused by the fallen television antenna, but also that the antenna's fall was caused by the direct action of the wind and not directly or *indirectly* by frost or cold weather or ice (other than hail), snow or sleet, *whether driven by wind or not. The evidence failed to show when the antenna was last intact prior* to the loss; hence it is not proved when it fell or that it fell during the alleged "windstorm." Furthermore, even if it is assumed that it fell sometime on the day before the loss was discovered, the evidence shows that, in addition to wind, there was at that time an accumulation of ice, sleet and snow thereon. The evidence is equally or more consistent with the theories that the fall was caused directly or indirectly by the weight of the ice, with or without wind, or by improper anchoring, by itself or in combination with ice, than with the theory that the wind alone was the cause. Evidence which points equally to two or more inconsistent theories proves nothing. *Camp v. Emory University,* 95 Ga. App. 442 (98 SE2d 66) ; *Collins v. Phillips,* 99 Ga. App. 13 (107 SE2d 275) ; *Bartell v. Del Cook Lmbr. Co.,* 108 Ga. App. 592, 601 (133 SE2d 903). The court therefore erred in its judgment overruling the defendant's motion for judgment n.o.v.

*Judgment reversed. Frankum, J., concurs. Pannell, J., concurs in the judgment.*