23705. GUEST PRINTING COMPANY v.
AMERICAN INSURANCE COMPANY.

Argued October 10, 1966—Decided October 20, 1966—
Rehearing denied November 3, 1966.

*Hudson & Stula, Jim Hudson, Joseph J. Gaines, Rupert A. Brown,* for appellant.

*Erwin, Birchmore & Epting, Eugene A. Epting,* for appellee.

DUCKWORTH, Chief Justice. The plaintiff's right to recover under the policy of insurance depends upon a finding of fact that the antenna was blown down by a windstorm, and that the water which caused the damage passed through the holes made in the roof by the fall of the antenna. Discussing this point the Court of Appeals pointed out that the cause of the fall of the antenna could have been (1) accumulation of ice thereon, (2) improper anchorage, or (3) windstorm. That court then erroneously concluded that any one of these causes was equally as likely as the others, and applied the rule that in that event recovery is unwarranted, citing *Camp v. Emory University,* 95 Ga. App. 442 (98 SE2d 66); *Collins v. Phillips,* 99 Ga. App. 13 (107 SE2d 275); *Bartell v. Del Cook Lmbr. Co.,* 108 Ga. App. 592, 601 (133 SE2d 903).

We hold that these causes were not equally probable. The inspector of the roof just a day or so previously reported no antenna down, and since his purpose was to look for leaks, he would undoubtedly have reported a fallen antenna and the holes made in the roof by its fall. Since the antenna punctured holes in the roof, this must have been done before the formation of ice. And finally even if the anchorage wire was not secure, the fact that the antenna fell in the direction the wind was blowing, there being evidence the wind blew 30 miles per hour on or about the time it fell, which could have uprooted the guy wire, which was in the opposite direction, this reasonably points to the windstorm alone as the cause for the fall of the antenna, and hence this is as the jury—the weighers of the evidence—found more likely than the other theories. Consequently, the Court of Appeals erred in applying the rule of law to these facts, thus reaching an erroneous judgment. We agree with one of the witnesses who said, "the best possibility" was that the antenna was blown down by the wind. The evidence authorized the verdict for the plaintiff, and the Court of Appeals erred in its judgment reversing the judgment denying the defendant's

motion for judgment in its favor notwithstanding the verdict against it.

*Judgment reversed. All the Justices concur.*