SOUTHERN RAILWAY COMPANY *v*. NEWMAN, administratrix.

No. 12273.   October 12, 1938.   Rehearing denied November 19, 1938.

*Harris, Harris, Russell & Weaver,* for plaintiff in error.
*Arnold, Gambrell & Arnold,* and *Joel B. Mallet,* contra.

Jenkins, Justice.   1.   The pleadings and a statement of the facts are sufficiently set forth in the opinion rendered by the Court of Appeals in *Newman* v. *Southern Railway Co., 57 Ga. App.* 70 (194 S. E. 237), to which reference is made.

While movant contends that, in accordance with the rules under which the section crew were working, it should have been held as a matter of law that the decedent assumed the risk of any negligence by the engine crew in failing to stop or slacken its speed after one of them actually saw the section crew in its perilous position, we can not agree to this contention, nor is it the one on which counsel so forcibly and strongly insist.   The ground of exception which movant especially stresses attacks the ruling, wherein the Court of Appeals held that under the evidence submitted it was for the jury to say whether, after one of the engine crew had actually seen the section crew in a position of peril, the defendant was guilty of actionable negligence in failing to stop or slacken the speed of the train, so as to avoid the homicide.   The contention of movant is that, at most, the proved facts gave equal support to the inference of diligence and negligence; and that under such circumstances, and the federal employer's-liability act as interpreted by the Supreme Court of the United States, the rule is that the judgment must go as a matter of law against the party upon whom rests the burden of proof.   The legal principle thus invoked we regard as sound, and if applicable under the evidence, the decisions of the United States Supreme Court would sustain their contention.   Movant cites Penn. R. Co. *v*. Chamberlain, 288 U. S. 333 (53 Sup. Ct. 391, 77 L. ed. 819), in which it was said: "We therefore have a case belonging to that class of cases where *proven facts* give equal support to each of two inconsistent inferences; in

which event, neither of them being established, judgment as a matter of law must go against the party upon whom rests the necessity of sustaining one of those inferences as against the other before he is entitled to recover." Movant further contends, however, that the plaintiff really offered no substantial evidence showing negligence on the part of the engine crew after one of them had actually seen the section crew in a position of peril; and that what was presented amounted to no more than a basis for speculation and conjecture. The argument is that, since both of the engine crew swore positively that upon the discovery of the section crew in a position of peril, all was done that could have been done for the decedent's protection, the mere fact that these witnesses may have contradicted each other as to the details of their testimony, such as the "facts of speed, time, and distance," does not permit a jury to base a verdict upon calculation and speculation grounded upon such discrepancies. They cite N. W. Pacific R. Co. *v.* Bobo, 290 U. S. 499 (54 Sup. Ct. 263, 78 L. ed. 462), in which it was said: "The jury may not be permitted to *speculate* as to its cause, and the case must be withdrawn from its consideration unless there is *evidence* from which the inference may reasonably be drawn that the injury suffered was caused by the negligent act of the employer." These decisions being controlling, wherever the facts render them applicable, the question is whether the evidence measures up to the rules thus announced.

As we see it, the evidence by the fireman as to the location where he first actually discovered the hand-car, his evidence and that of others as to the place where the hand-car was struck, and the testimony as to the measured distance between these two points, do not present matters for mere speculation and conjecture; nor is the testimony by the engineer and other expert witnesses as to the distance in which the train might have been stopped any less tangible and definite. A jury should not be precluded from putting two and two together; and if this be the testimony which they believed to be true, rather than the more general evidence to the effect that every effort was made in the decedent's behalf upon the discovery of his peril, the case, therefore, is not one where, in order to find for the plaintiff, the jury would be required to speculate as to what might have been the cause of the homicide. Under the sworn evidence of the defendant's employees in charge of the train, and other ex-

pert testimony, it would have been possible for the jury to reach a definite and even necessary conclusion, in the event they accepted the evidence in the plaintiff's favor in arriving at their findings of fact. In such a case it would not be an inference based upon an inference, but a conclusion necessarily following from definite and accepted facts. Nor could it be said that the case belongs to that class where the proved facts necessarily give equal support to each of two inconsistent inferences. The plaintiff was not bound by every portion of the testimony given by the fireman and engineer of the defendant company. "It is 'well settled in this State that a party may contradict his own witness by showing the truth to be different from what the witness testified. *Skipper* v. *State*, 59 *Ga.* 63; *Cronan* v. *Roberts*, 65 *Ga.* 678; *McElmurray* v. *Turner*, 86 *Ga.* 217.' *Christian* v. *Macon Railway Co.*, 120 *Ga.* 314 (2), 317 (47 S. E. 923). 'A jury in arriving at a conclusion upon disputed issues of fact may believe a part of the testimony of a witness or witnesses, and reject another part thereof, it being their duty to ascertain the truth of the case from the opinion they entertain of all the evidence submitted for their consideration.' *Sappington* v. *Bell*, 115 *Ga.* 856 (1) (42 S. E. 233)." *Reaves* v. *Columbus Electric &c. Co.*, 32 *Ga. App.* 140 (4) (122 S. E. 824). While it has been held many times by this court that the mere fact that a witness is an employee of a railway company does not authorize the jury to arbitrarily disregard his *uncontradicted* testimony (*Ga. Railroad &c. Co.* v. *Wall*, 80 *Ga.* 202, 7 S. E. 639; *Ga. So. & Fla. Ry. Co.* v. *Sanders*, 111 *Ga.* 128, 36 S. E. 458; *Central of Ga. Ry. Co.* v. *Waxelbaum*, 111 *Ga.* 812, 35 S. E. 645; *Macon & Birmingham R. Co.* v. *Revis*, 119 *Ga.* 332, 46 S. E. 418), it would not do to say that portions of the testimony of such a witness, whose conduct the plaintiff relies upon as constituting actionable negligence, can not be attacked by the evidence of another such employee, merely because the entire testimony of such impeaching witness could not itself be accepted as true by the party forced to offer it. While it is true that in a case where the evidence is in fact exactly balanced, the party carrying the burden can not prevail, it is also true that, in weighing the evidence for the purpose of determining which if either of two contradictory statements the jury should give credence to, the bias if any of the witness, his interest or want of interest if any in making the statements in ques-

tion, the reasonableness or unreasonableness of the facts sworn to, the weight to be attached to specific facts as distinguished from statements which might be taken as more general in character, are all matters which the jury could and should consider. The "proven facts" referred to in the Chamberlain case, supra, are facts which not only support equally the two inconsistent inferences, but which are themselves "proven" with equal probative force.

2. Exception is taken to the holding of the Court of Appeals where it was said: "The allegations in the petition as to negligence on the part of the section crew in letting the trailer roll against the decedent were supported by evidence. It seems that this act may have contributed to the injury, because the fireman who witnessed the whole occurrence testified that the negroes ran towards Macon, the other two fellows lit out the other way; Mr. Newman (the decedent) 'started north towards Atlanta,' and was struck, not by the engine, but by fragments of the motor-car. From this it might seem that Newman almost escaped; and it might seem from all the testimony that he could have escaped if the speed of the train had been sooner reduced or if he had not been impeded by the trailer rolling down on him. This was a matter for the jury." While it is contended that the negligence of the section crew, who were working under the decedent, could not inure to the benefit of the representative of the decedent in this suit, there does not appear to be any real difference between the ruling of the Court of Appeals and the defendant on this point, since the defendant in its petition for certiorari makes this averment: "The negligence of the section crew, if any, was merely secondary, and could not be the ground of recovery as independent negligence causing or contributing to decedent's death; for unless there was negligence of the enginemen as to him, his administratrix could not recover on proof that his subordinates failed to do something to prevent the injury to which his own act in failing to protect himself, his motor-car, and his crew had exposed him." Thus construing the ruling of the Court of Appeals we find it not to constitute error. In view of the foregoing rulings, the Court of Appeals did not err in holding that the act of the decedent in exposing himself to injury did not necessarily defeat a recovery, but might reduce the amount of damages.        *Judgment affirmed. All the Justices concur.*