## SIMMONS *v.* THE STATE.

BELL, Presiding Justice. 1. The existence of a conspiracy may be shown by circumstantial as well as direct evidence. *McLeroy* v. *State,* 125 *Ga.* 240 (54 S. E. 125).

2. Where individuals enter into a conspiracy to commit a crime, its actual perpetration by one or more of them in pursuance of such conspiracy is in contemplation of law the act of all, and they may be held responsible accordingly. *Horton* v. *State,* 66 *Ga.* 690; *Johnson* v. *State,* 151 *Ga.* 21 (2) (105 S. E. 603).

3. The evidence, though largely circumstantial, was sufficient to authorize a finding that the deceased was killed and murdered as alleged in the indictment, and that if the plaintiff in error, one of three indicted, was not an actual perpetrator, she was nevertheless present, aiding and abetting and participating in the felonious design. Compare *Coggeshall* v. *State,* 161 *Ga.* 259 (2) (131 S. E. 57); *Albritton* v. *State,* 175 *Ga.* 891 (7) (166 S. E. 643).

4. There being some evidence that one of the defendants had planned to rob the deceased, and that as to him such robbery was the accomplished motive for the homicide, evidence that about sixteen months previously the plaintiff in error, a woman apparently not related to him, was present when he committed a robbery upon another person and left the place with him, was relevant and admissible as tending to show that her presence at the commission of the later homicide was not incidental and innocent, but was a guilty presence, and that she was connected with the criminal enterprise. *Cawthon* v. *State,* 119 *Ga.* 395 (4-6), 409 (46 S. E. 897); *Cooper* v. *State,* 182 *Ga.* 42 (184 S. E. 716, 104 A. L. R. 1309); *Andrews* v. *State,* 196 *Ga.* 84 (26 S. E. 2d, 263). It has "been held that presence, companionship, and conduct before and after the offense

are circumstances from which one's participation in the criminal intent may be inferred." *Thornton* v. *State*, 119 *Ga.* 437, 439 (46 S. E. 640).

5. Under the preceding rulings, the evidence admitted over objection was not inadmissible for any reason urged; nor was the charge on conspiracy erroneous, as contended, upon the ground that it was unauthorized. The evidence was sufficient to support the verdict finding the defendant guilty, and it was not error to refuse a new trial.

6. In the instant case there was no assignment of error upon admission of hearsay testimony, as was true in the companion case of *Fuller* v. *State*, ₙ196 *Ga.* 237 (26 S. E. 2d, 281), in which case the refusal of a new trial was reversed.

*Judgment affirmed. All the Justices concur, except Atkinson, J., who dissents.*

No. 14563.   July 8, 1943.

J. D. *Godfrey*, for plaintiff in error.

T. *Grady Head*, attorney-general, C. S. *Baldwin Jr.*, solicitor-general, and L. C. *Groves*, assistant attorney-general, contra.

ATKINSON, Justice.   I can not concur in the majority opinion, for two reasons:

(*a*) While the above opinion does not set forth the facts upon which the general grounds of the motion for new trial were overruled, from a careful reading of the evidence in this case I am unable to find any evidence which would have authorized the conviction of this accused; and I think the court erred in overruling the motion for new trial on the general grounds.

(*b*) Nor can I concur in the fourth and fifth divisions of the opinion of the majority. As to the fourth division, the court permitted the State to introduce evidence showing that sixteen months before the killing the accused was present at the place when Ernest Fuller, one of those who was jointly indicted with her in the present case, but separately tried, took part in a robbery. There was no evidence that the accused took part in the robbery, or was ever tried, indicted, or charged with participation therein. As to the fifth division, the court permitted the State to introduce the indictment and plea of guilty of Ernest Fuller for the above robbery. In the trial of an accused the rules of evidence permit the State to introduce evidence of guilt of similar crimes, or other crimes, where it would illustrate motive, scheme, or plan. The State having produced some evidence that the motive for the killing was robbery, evidence that would have established the guilt of the accused of

having committed robbery sixteen months previously would have been proper; but evidence that only shows presence at the place when some one else committed robbery could in no way illustrate her guilt of murder. The rule permits the State to show that the accused has previously committed similar crimes, but this rule does not extend to the limit of showing that some one jointly indicted with the accused has committed similar crimes in the presence of accused. Such a construction goes beyond the scope of the rule. I do not think this evidence was relevant as illustrating any participation in the murder, but do think it was prejudicial and injurious to the accused.