18990. LATHAN *v.* THE STATE.

DUCKWORTH, Chief Justice. Mrs. Elsie Mae Lathan and her two children, Roy and Willene Lathan, were indicted by the grand jury of Habersham County for the offense of murder of Clyde Lathan, the husband and the father of those indicted, by shooting him with a pistol and rifle, inflicting wounds from which he died. This case involves the trial and conviction of Elsie Mae Lathan only, since they were tried separately. There were no eyewitnesses to the shooting except the indictees, who did not

testify, and there were conflicting statements made from time to time by them to the investigating officers as to who actually did the shooting. The testimony of these officers was admitted in evidence during the trial, which was in substance that the accused and her daughter admitted (1) that the deceased was shot by the mother when he threatened to kill her, pulled her off a bed, and slapped her; and (2) that the son, Roy, shot the deceased, who had threatened to kill his mother after the deceased advanced on her and knocked her down; and (3) that they had all made up their minds that, if the deceased came home again fussing, arguing, or beating on the mother, they were going to shoot him, the mother having told Roy to shoot his father if he wanted to; and when the father returned, advanced on the mother threatening to kill her, Roy shot him. The mother's unsworn statement was to the effect that Roy shot and killed the father, protecting her. There was other evidence submitted with reference to the purchase of the pistol by the mother, statements made by her before the shooting that she was going to shoot her husband, and after the shooting that "she had done it," and exhibits of the weapons and photographs and testimony of expert witnesses.

The jury returned a verdict of guilty with a recommendation for mercy. A motion for new trial was duly made and later amended, and after a hearing was overruled, and the exception here is to that judgment. *Held:*

1. "Parents and children may mutually protect each other, and justify the defense of the person . . . of each other." Code § 26-1015. The principal defense of the accused was that the deceased was killed by her son in her defense; and there being some evidence as well as the unsworn statement of the accused showing that the son, one of the alleged coconspirators, allegedly killed the deceased at the time he was beating or about to beat his mother after threatening to kill her, this would have authorized the charge without a written request. *Walker* v. *State,* 122 *Ga.* 747 (2), 751 (50 S. E. 994); *Investors' Syndicate* v. *Thompson,* 172 *Ga.* 203 (2b) (158 S. E. 20); *Dorsey* v. *Green,* 204 *Ga.* 453 (49 S. E. 2d 901). The trial court, therefore, erred in failing to thus charge, and it was error to overrule this ground of the amended motion for new trial.

2. Special ground 2 complains that the court erred in charging on a reasonable doubt, and it is alleged that this charge was misleading and confusing. The charge as given was virtually the same as that given in *Hancock* v. *State,* 196 *Ga.* 351 (2) (26 S. E. 2d 760, 147 A. L. R. 1042), and *Thurmond* v. *State,* 198 *Ga.* 410 (31 S. E. 2d 804), that, if the jury believed that "a reasonable man in a matter of like importance would hesitate to act, because of such doubt, that is a reasonable doubt of which the defendant is entitled," and it is not erroneous as contended.

3. Special grounds 3 and 4 complain of a charge instructing the jury upon the subject of conspiracy on the ground that there was no evidence to support the charge. There was both direct and circumstantial evidence which would have authorized a finding that a conspiracy to kill the deceased existed between those indicted, and the charge was not erroneous for any of the reasons stated. See *Harris* v. *State,* 190 *Ga.* 258 (9 S. E. 2d 183); *Chappell* v. *State,* 209 *Ga.* 701 (75 S. E. 2d 417).

4. Special ground 5 complains of the charge that the law presumes every

homicide to be malicious until the contrary appears from circumstances showing excuse, alleviation, or justification, because there were other parties indicted for the death of the deceased, and this charge placed upon the accused the burden of showing that the homicide was not malicious, irrespective of whether the jury found that she killed the accused or not. Where the State relies upon both admissions by the defendant, admitting the killing but stating circumstances of excuse, justification, and other evidence tending to show that the defendant was the perpetrator of the crime, it is proper to charge the above principle of law. Code § 26-1004; *Campbell* v. *State*, 124 *Ga.* 432 (2) (52 S. E. 914); *Jones* v. *State*, 181 *Ga.* 19 (3), 20 (181 S. E. 80); *Pressley* v. *State*, 201 *Ga.* 267 (39 S. E. 2d 478). It follows that there is no merit in this ground of the amended motion for new trial.

5. The evidence was sufficient to support the verdict, and the court did not err in overruling the general grounds of the motion for new trial. However, for the reasons stated in division 1 above, a new trial will be necessary in this case.

*Judgment reversed. All the Justices concur.*

Argued June 13, 1955—Decided July 12, 1955.

*Irwin R. Kimzey, Kimzey & Kimzey, Herbert B. Kimzey,* for plaintiff in error.

*Winston Owen, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.