40235.   SMITH v. THE STATE.

DECIDED SEPTEMBER 4, 1963.

*James R. Venable,* for plaintiff in error.

*Richard Bell, Solicitor General, Dennis F. Jones, Assistant Solicitor General,* contra.

NICHOLS, Presiding Judge. 1. Special ground 4 of the motion for new trial contends that the trial court erred in charging the jury on conspiracy in that the evidence failed to show any conspiracy existed between the defendant and anyone else. With this contention we cannot agree. There was evidence of the assault being committed upon the victim and prosecuting witness, H. R. Street; there was evidence that placed the defendant along with two other men at the scene of the assault; and, there was evidence, direct and circumstantial, that the defendant Smith participated in the assault upon Street with rocks, fists and by driving defendant's automobile over said victim Street. The evidence authorized the charge, and special ground 4 is without merit.

2. Special grounds 5 and 6 complain that the court erred in overruling defendant's objections to statements made by prosecuting witness Street while on the witness stand with reference to a conversation he allegedly heard before going outside his house on the night of the assault and just prior to the time the assault was committed upon him. In special ground 5 the conversation objected to was as follows: "About ten thirty me and my wife was watching television and I went in the kitchen to get something to eat. I was setting at the table eating and a car pulled in my driveway, driveway goes around the house, pulled up to the back door and they was 'cussing' me, hollering, come on out, we're going to kill you." The defendant's objection to this statement was as follows: "We want to object to this conversation if it wasn't made in the presence of the witness." The trial court then ruled: "If it is not connected up, I will rule it

out." In special ground 6 the testimony of H. R. Street objected to by defendant's counsel was as follows: "They come back cussing again and said 'come on out, we're going to kill you.'" The objection by defendant's counsel was as follows: "I want to renew my objection." The trial court again ruled: "Unless it is connected up the court will rule it out and instruct the jury." Thereafter the trial court did not rule it out and defendant's counsel in neither instance renewed his objection, nor asked that the evidence be excluded on the ground that the condition placed upon its admission by the court had not been met. "Where evidence objected to was admitted provisionally, the court stating that it would be ruled out subsequently if the party offering it did not supplement it with other proof, it was incumbent upon the objecting party to renew the objection after the opposing party closed his case, so as to secure an unconditional ruling on the objection. In such case the failure to renew the objection was a waiver thereof." *Atlanta &c. R. Co. v. Truitt*, 65 Ga. App. 320 (2) (16 SE2d 273). Moreover, in the present case the evidence that was later introduced was sufficient to show that the men in the car committed the assault upon H. R. Street, and further that the defendant was one of them and participated in the assault along with the other two men. Accordingly, special grounds 5 and 6 are without merit.

3. Special ground 7 contends that the trial court erred in overruling defendant's objection to certain testimony offered by State's witness C. B. Wilson as to how the police department handled police calls. The objection made was as follows: "I want to object. The card itself would be the highest and best evidence." In defendant's brief it is argued that the testimony was inadmissible, not for the reason as stated in special ground 7 of the amended motion for new trial in that "the card would be the highest and best evidence," but because the evidence sought to be introduced would be hearsay. Obviously, special ground 7 must be considered abandoned, as is special ground 8, of the amended motion for new trial since no argument at all appears in defendant's brief in support of special ground 8. Accordingly, both special grounds 7 and 8 will not be considered.

4. As for the general grounds, there was sufficient evidence to

authorize the jury to find that the defendant, along with two other men assaulted H. R. Street with rocks, fists and with the defendant's automobile. " 'In passing on the general grounds of a motion for new trial, this court passes not on the weight but on the sufficiency of the evidence. It is our duty to determine whether the verdict as rendered can be sustained under any reasonable view taken of the proofs submitted to the jury.' *Ingram v. State*, 204 Ga. 164, 184 (48 SE2d 891)." *Farlow v. Brown*, 208 Ga. 646, 648 (68 SE2d 903). See also *Bibb Cigar &c. Co. v. McSwain*, 95 Ga. App. 659, 661 (98 SE2d 128) ; and, *Poppell v. Smutney*, 106 Ga. App. 480 (127 SE2d 335).

Judgment affirmed. *Frankum and Jordan, JJ., concur.*