22132.    DANIELS v. THE STATE.

Argued September 11, 1963—Decided October 10, 1963—
Rehearing denied November 7, 1963.

382

*Hester & Hester,* for plaintiff in error.

*William T. Boyd, Solicitor General, J. Walter LeCraw, Eugene Cook, Attorney General, Rubye G. Jackson, Assistant Attorney General,* contra.

QUILLIAN, Justice. ■ The fourth ground of the motion for new trial complains that the trial judge abused his discretion in overruling the defendant's motion for continuance. The motion was made on the ground that the defendant had not been afforded a reasonable opportunity to employ counsel of his choice. The evidence offered in support of the motion showed the defendant was arrested on January 18, 1963. He did not, when making the motion in open court, contend that he was not permitted to communicate freely with his relatives or anyone he chose; however, he made an affidavit later that for 72 hours immediately after his arrest he was not accorded the right to communicate with anyone. His statement in court and his affidavit did not intimate that he was thereafter denied the right to telephone or write to his friends or relatives, and he related that six days after his arrest he called one Woodrow Ryan of Marktree, Arkansas, and requested that Ryan notify his father of his incarceration. He made no other effort to get in touch with his kinfolk or friends. He gave as his reason for not advising his

wife of his arrest until she wrote him from Meridian, Missis-sippi, on February 15, 1963, that "he was satisfied in his own mind that he was not guilty of the alleged robberies charged against him." He then requested that she aid him in procuring counsel of his own choice.

The evidence of the defendant's wife was that she informed his father of Daniels' being imprisoned and the charges against him on February 15, 1963, that on the 19th the elder Daniels visited her at Meridian, Mississippi, and informed her that he had visited his son and was making necessary financial arrange-ments. Both the wife and father testified they could not make the necessary financial arrangements for the employment of counsel because of the short notice they received. The defendant in presenting his motion for continuance assured the court that his father and wife would arrive in Atlanta by the next day to furnish him with counsel. However, the record discloses that the trial lasted through the day and the next day and they did not arrive. The record also discloses that the defendant was indicted on January 25, 1963, and arraigned on February 10, 1963, when counsel was appointed for him. At that time upon his statement that he was without funds to employ counsel he did not express any desire for counsel of his choice or request that notice of his indictment for robbery be given to his family or friends. At the trial his appointed counsel vigorously urged the court to grant his motion for continuance. This case bears not the slightest similarity to those cases in which a defendant was held to be deprived of his constitutional rights because he was not afforded the opportunity to employ counsel of his own choice.

The case of *Walker v. State*, 194 Ga. 727 (22 SE2d 462), was one in which a Negro charged with rape was shot by the sheriff while being arrested only a few hours after the crime was com-mitted and immediately removed to a jail in another county where he was denied the privilege of communicating with his friends and relatives until he was placed on trial over his pro-test that he desired time so that he might employ counsel of his own choice. In the *Walker* case the defendant was not present when counsel was appointed by the court and had not signified that he could not raise funds to employ counsel. While in that

case the defendant's counsel were, as this court stated, highly honorable and thoroughly competent, they did not aid in making a motion for continuance. The record of the instant case further reveals that counsel was not employed to aid the defendant until April 29, 1963. There was no semblance of merit in the motion and the trial judge did not abuse his discretion in overruling the same.

"The granting of a motion for continuance is within the sound discretion of the trial judge, and this court will not interfere unless it is clearly shown that he has abused his discretion." *Butts v. State,* 211 Ga. 16 (1) (83 SE2d 610).

■ Grounds 5, 6, 7 and 8 present a single contention. The indictment charged the defendant with the offense of robbery in three counts. The first two counts alleged that the accused "with force and arms, did wrongfully, fraudulently and violently, by offering and threatening to shoot [the named victim] with a pistol, which accused exhibited, the same being an offensive weapon and one likely to produce death when used in its usual and customary manner, and by offering and threatening to shoot the [victim] with an article, replica and device having the appearance of a pistol, which accused exhibited, and by intimidation, take from the person of the [victim], without his consent and with intent to steal the same [a stated sum of money] . . ." The third count charged that the accused "did wrongfully, fraudulently and violently, by intimidation and by force, take from the person of [named victim], without his consent and with intent to steal the same [a stated amount of money] . . ."

The above-mentioned grounds of the motion for new trial complain that the trial judge erred in failing to instruct the jury that the defendant could be convicted of robbery by intimidation under the charges as made in the first two counts, simply because the word intimidation is employed in each of the counts in describing the manner in which the robbery was committed by use of an offensive weapon or replica having the appearance of such weapon. There could be only two methods by which robbery could be accomplished by use of an offensive weapon, one by actually inflicting an injury on the victim, the other by threatening and intimidating him by its use. In the present case the indictment charges the latter method was employed.

The offense charged in the third count of the indictment is robbery by intimidation which is defined by the Act of 1957 (Ga. L. 1957, pp. 261, 262; Code Ann. § 26-2501) as: "The use of threat, coercion, or placing another in fear in the taking of personal property from another . . ." and expressly limited by that same Act: "without the use of force and personal violence, or use of an offensive weapon . . ." (Ga. L. 1957, pp. 261, 263; Code Ann. § 26-2503). So where an offensive weapon is used to commit the offense of robbery there can not be robbery by intimidation within the contemplation of the statute. The court in omitting to charge that the defendant could be convicted of robbery by intimidation under the charges made in counts 1 and 2 of the indictment did not err. The grounds are without merit.

3. Ground 9 complains of the admission of certain evidence and that the defendant's constitutional rights were violated because his court-appointed counsel did not object to the evidence. The evidence was offered in direct rebuttal to the defendant's testimony that he had never been in any trouble and showed that he had previously been charged with a criminal offense in the theft of $5,530. The evidence, the admission of which was complained of, was admissible and the ground is without merit.

■ The only general ground of the motion for new trial insisted upon here is that the verdict was without evidence to support it. The insistence of the defendant is that, because there was a lapse of some two months between the commission of the robbery and the identification of the culprit by the victims, their testimony did not sufficiently prove his identity. Their testimony was clear, positive and unequivocal. The ground is without merit.

Judgment affirmed. All the Justices concur.