## 58972. HAWTHORNE INDUSTRIES v. ATTAWAY ASSOCIATES.

DEEN, Chief Judge.

1. Attaway Associates, Inc., an advertising firm, sued Hawthorne Industries, Inc. for services rendered in preparing and arranging for use of advertising material, including photocopy, silkscreen, racks for placement of carpets (the item being manufactured), and other services. The jury returned a verdict in favor of the advertiser. The sole defense of the client, Hawthorne, was that the work billed was not authorized because its employee Robson, with whom Attaway dealt, was not authorized to order the material without the consent of Larry Winter, the chief financial officer of Hawthorne, or one of two other persons who in fact did not authorize the order. Winter testified not only that he did not order this work done but that he had previously cautioned Attaway against proceeding with any advertising work without his okay. Robson himself had been fired and did not testify on the trial.

It is difficult to tell from the record at what the enumerations of error are directed. The recitation is that "the court committed error in admitting over appellant's objection Denver Attaway's testimony concerning Peter Robson's authority and Robson's authorizations of the photograph and design projects." It is true that the legal

sufficiency of an enumeration need only be such as to "point out the error complained of" in a general way, but it must also be properly supported as required by the rules of the appellate court. *Adams-Cates Co. v. Marler,* 235 Ga. 606 (221 SE2d 30) (1975). This includes identification of the alleged error sufficient to establish that the point was raised in the trial court. This is best accomplished by quoting the evidence allegedly erroneously admitted and the objection made, but at the least, these facts should appear in the brief of counsel if not in the enumeration itself. Here the brief, while still failing to identify with any exactitude the matter allegedly erroneously admitted, does refer us to certain pages of the transcript. A statement by the witness Attaway that his firm ("we") were authorized "to print for Hawthorne" was objected to, a foundation was laid, the court asked whether there were any objections, and counsel then said he was reserving objections until his cross examination. At the close of this testimony the appellant moved "to strike the testimony of Mr. Attaway concerning the authority of Mr. Robson to authorize the work done." Again, no particular testimony was identified, although some testimony objected to as hearsay had been provisionally admitted and a "continuing objection" had been offered. The appellant in his brief cites the court to four pages of the record; the remark closest to the hearsay objection is that of the witness on cross examination that, "I testified that Mr. Robson authorized it and that Mr. Winter had asked us to hold the bills until the whole job was completed." In view of the fact that the evidence as a whole is uncontradicted that Robson did work for Winter's firm, and he was certainly authorized to do some acts within the course of his employment, the enumerations of error and accompanying portions of the brief do not establish that hearsay evidence relating to agency was erroneously admitted. Where evidence is provisionally admitted on the condition that it should be connected up, it is incumbent on the objecting party to renew the objection after the opposing party has closed. *Smith v. State,* 108 Ga. App. 275, 277 (132 SE2d 821) (1963); *Bacon v. Bacon,* 161 Ga. 978 (2) (133 SE 512) (1925). While a general objection was renewed as to testimony "concerning the authority of

Mr. Robson to authorize the work done for which these invoices were issued," apparently referring to Plaintiff's Exhibit 3, examination of the record shows that this invoice refers to "200 each of 2 rack photos" not otherwise identified. As pointed out below, some of these racks at least were used by the client. We are directed to no testimony the admission of which would require reversal of this case.

2. As to those questions offered in the form of, "Was it your understanding that ... Robson had the authority to order certain services," the testimony was not objectionable for the reasons assigned because it would be admissible to explain the conduct of the contracting party. Code Ann. § 38-302.

3. In his charge to the jury the trial judge correctly instructed them to determine the issue of agency in the light of all the circumstances of the case and that they were to decide whether the employee had authority to act for the defendant company so as to render it liable for the work which was done. The court then charged on ratification, "if you find that Peter Robson acted as an agent of Hawthorne Industries in making this contract with the plaintiff, that Robson had no legal authority from Hawthorne to accept the contract, but that Hawthorne received a valuable benefit from making the contract or retained the benefits of the contract made by his purported agent, you would be authorized to find that Hawthorne ratified the act of its agent and is obligated to pay," etc. The evidence demands a finding that at least some of the photographs and some of the racks delivered by the advertising agency were used by the client. "If one purporting to act as agent exceeds his authority, the principal can not ratify in part and repudiate in part; and therefore he can not accept and retain the fruits of a contract so made by another in his behalf without becoming bound by the representations of the person so purporting to act for him in consummating the agreement." *Lancaster v. Neal,* 41 Ga. App. 721 (5) (154 SE 386) (1930).

Under the totality of evidence in this case it becomes inconsequential whether further action should or could have been taken by the trial judge at the time objections

were offered to the testimony concerning the alleged agent's authority to bind the principal for the work forming the subject of this litigation. It is clear that at least a part of the work done, whether properly authorized or not, was accepted by the defendant, and the refusal to pay came at a later point when the efficacy of the work done rather than its authorization was questioned. Want of consideration is not, however, a question before us on this appeal.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED NOVEMBER 6, 1979 — DECIDED JANUARY 9, 1980 — REHEARING DENIED JANUARY 24, 1980.

*Warren N. Coppedge, Jr.,* for appellant.
*J. Mike Brown,* for appellee.